UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK MYLES, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| MICHAEL MULLIGAN JR., Star 891, | ) | Jury Demand |
| ALEJANDRA MAHADEO, Star 11696, | ) | |
| SAUL SOTO, Star 12982, | ) | |
| JOHN DALCASON, Star 5392, and | ) | |
| WILLIAM ROGUS, Star 7851, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH

**08 C 654**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE MASON**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. At about 5:00 a.m. on October 12, 2006, Plaintiff was in his home located at 556 North Harding in Chicago.

9. Plaintiff's uncle, Waverly Myles, was also in the home. Waverly was intoxicated.

10. After a disagreement, Waverly physically attacked Plaintiff.

11. To defend himself, Plaintiff sprayed Waverly with mace. Plaintiff carries mace for his security officer position.

12. Plaintiff called 911.

13. In response, numerous police officers went to Plaintiff's home.

14. While on the scene, Defendant-Officer MULLIGAN attacked Plaintiff, choked him, and tackled him to the ground.

15. After Plaintiff was on the ground, another Defendant-Officer sprayed Plaintiff with mace.

16. The attack and mace caused Plaintiff extreme physical pain and suffering including temporary loss of vision and intense burning in his eyes.

17. Plaintiff immediately asked for medical attention. Defendant-Officers ignored Plaintiff's requests.

18. After Plaintiff was admitted to the Cook County Jail, he received medical treatment at Cermak Hospital for his eyes and back.

19. Plaintiff was arrested for domestic battery (to Waverly), illegal possession of a weapon, resisting arrest, and battery to Defendant-Officer MULLIGAN. The case was docketed in the Cook County Circuit Court as: People v. Myles, 06 MC1 443596. All charges were dismissed.

20. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

21. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable

force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

24. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

25. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

26. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

27. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

28. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

          Respectfully submitted,

          <u>/s/ Lawrence V. Jackowiak</u>
          *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

4