IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK MYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 654 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE GOTTSCHALL |
| Chicago Police Officers | ) | |
| MICHAEL MULLIGAN JR., Star 891, | ) | Magistrate Judge Mason |
| ALEJANDRA MAHADEO, Star 11696, | ) | |
| SAUL SOTO, Star 12982, | ) | |
| JOHN DALCASON, Star 5392, and | ) | JURY TRIAL DEMANDED |
| WILLIAM ROGUS, Star 7851, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, City of Chicago, and Chicago Police Sergeant Michael Mulligan Jr., (referred to herein as "Defendant Sergeant"), and Chicago Police Officers Alejandra Mahadeo, Saul Soto, John Dalcason, and William Rogus, (referred to herein as "Defendant Officers"), (referred to collectively as "Defendants"), by one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel of the City of Chicago, for their Answers, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state:

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:   Defendants admit that jurisdiction is proper, but deny that Defendant Officers and Defendant Sergeant engaged in any wrongful or illegal conduct.**

2.  Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:   Defendants admit that jurisdiction is proper, but deny that Defendant**

Officers and Defendant Sergeant engaged in any wrongful or illegal conduct.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **Defendants admit that venue is proper, but deny that Defendant Officers and Defendant Sergeant engaged in any wrongful or illegal conduct.**

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** **Upon information and belief, Defendants admit the allegations contained in this paragraph.**

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

### Facts

8. At about 5:00 a.m. on October 12, 2006, Plaintiff was in his home located at 556 North Harding in Chicago.

**ANSWER:** **Upon information and belief, Defendants admit that 556 North Harding is Plaintiff's residence. Defendants admit the remaining allegations contained in this paragraph.**

9. Plaintiff's uncle, Waverly Myles, was also in the home. Waverly was intoxicated.

**ANSWER:**   **Defendants admit the allegations contained in this paragraph.**

10. After a disagreement, Waverly physically attacked Plaintiff.

**ANSWER:**   **Upon information and belief, Defendants deny the allegations contained in this paragraph.**

11. To defend himself, Plaintiff sprayed Waverly with mace. Plaintiff carries mace for his security officer position.

**ANSWER:**   **Defendants are without knowledge or information sufficient to form a belief as to the truth of whether or not Plaintiff carries mace for his security officer position. Upon information and belief, Defendants deny the remaining allegations contained in this paragraph.**

12. Plaintiff called 911.

**ANSWER:**   **Upon information and belief, Defendants deny the allegations contained in this paragraph.**

13. In response, numerous police officers went to Plaintiffs home.

**ANSWER:**   **Defendants admit that Defendant Officers were assigned to a call of a domestic battery at the address of 556 N. Harding, Chicago, Illinois and went to that address. Defendants deny any remaining allegations contained in this paragraph.**

14. While on the scene, Defendant-Officer MULLIGAN attacked Plaintiff, choked him, and tackled him to the ground.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

15. After Plaintiff was on the ground, another Defendant-Officer sprayed Plaintiff with mace.

**ANSWER:**   **Defendants admit that Defendant Sergeant discharged his OC spray**

**after he was pushed by Plaintiff. Defendants deny any remaining allegations.**

16.   The attack and mace caused Plaintiff extreme physical pain and suffering including temporary loss of vision and intense burning in his eyes.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

17.   Plaintiff immediately asked for medical attention. Defendant-Officers ignored Plaintiffs requests.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

18.   After Plaintiff was admitted to the Cook County Jail, he received medical treatment at Cermak Hospital for his eyes and back.

**ANSWER:   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

19.   Plaintiff was arrested for domestic battery (to Waverly), illegal possession of a weapon, resisting arrest, and battery to Defendant-Officer MULLIGAN. The case was docketed in the Cook County Circuit Court as: <u>People v. Myles</u>, 06 MCI 443596. All charges were dismissed.

**ANSWER:   Upon information and belief, Defendants admit that all charges were dismissed. Defendants admit the remaining allegations contained in this paragraph.**

20.   Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

21.   As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and other damages.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

COUNT I
(42 U.S.C. § 1983 - Excessive Force)

22.   Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER:** **Defendants restate their answers to paragraph 1 through 21 as if fully set forth herein.**

23. The Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II
### (42 U.S.C. § 1983 - Failure to Intervene)

24. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER:** **Defendants restate their answers to paragraph 1 through 21 as if fully set forth herein.**

25. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

26. Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

27.  The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

28.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:    Defendants admit that the Illinois Tort Immunity Act, 745 ILCS 10/9-102 provides that "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102. Defendants deny the remaining allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.  At all times relevant to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant Officers and Defendant Sergeant, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant Officers and Defendant Sergeant, therefore, are entitled to qualified immunity as a matter of law.

2.  To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants request a trial by jury.

Respectfully submitted,

/s/ Julia. S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493